# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**JOHN JONES**                                                                                               **PETITIONER**

**v.**                                                                      **No. 2:04CV286-P-A**

**STATE OF MISSISSIPPI, ET AL.**                                                     **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of John Jones (# 45695) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

## Facts and Procedural Posture

John Jones is in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary at Parchman. He pled guilty to one count of capital murder in the Circuit Court of Tunica County, Mississippi. He was sentenced as a habitual offender to serve a term of life imprisonment without the possibility of parole. Although the petitioner filed a multitude of pleadings following his conviction of capital murder, the court shall only discuss those pleadings relevant to the resolution of the instant petition.

On April 5, 1991, John Jones filed an "Amendment of Motion to Comply with Section 99-39-9" in the Tunica County Circuit Court. On July 1, 1991, he filed a "Motion for Leave to Proceed in Trial Court for a Motion to Vacate and Set Aside Conviction and Sentence" in the

Tunica County Circuit Court.[1]  Neither pleading was immediately ruled upon by the trial court.[2]

On August 7, 1996, Jones filed a "Motion for Post-Conviction Collateral Relief with Exhibits" in Tunica County.  On December 26, 2001, he filed a "Motion for Leave to File Amended Motion for Post-Conviction Collateral Relief" in Tunica County.  On July 23, 2002, the circuit court entered an order denying petitioner's August 7, 1996, and December 26, 2001, motions on the basis that the motions were time-barred under Section 99-39-5(2) of the Mississippi Code.  The petitioner appealed the circuit court's denial of his 2001 post-conviction motion to the Mississippi Court of Appeals, assigning as error the following (taken verbatim from the petitioner's state appellate brief):

- A. Jones' Motion To Vacate Should Not Be Time-Barred As A Matter Of Law By Virtue Of The Three (3) Year Statute of Limitations Set Forth In Section 99-39-5(2).

- B. The Trial Court Failed To Establish In The Bifurcated Sentencing Hearing That Jones' Prior Charges Arosed Out Of Separate Incidents At Different Times.

- C. The Indictment Handed Down By The State Against Jones Was Substantially Defective, Thus Rendering It Constitutionally Fatal.

On July 20, 2004, the Mississippi Court of Appeals affirmed the circuit court's denial of the post-conviction motion.  *Jones v. State*, 878 So.2d 254 (Miss. App. 2004) (Cause No.2002-CP-01451-COA).  Although the appellate court affirmed the trial court's denial of the petitioner's post-conviction motion because the motions were untimely filed in the trial court, the Mississippi Court of Appeals addressed the specific issues raised by Jones in his brief, finding all three issues

---

[1] The court shall hereafter refer to these April 5, 1991, and July 1, 1991, motions as the "1991 Motions."

[2] The court shall discuss the relevance of the 1991 motions below.

-2-

to be without merit. *Id*.

On June 6, 2003, Jones filed a federal petition for writ of *habeas corpus* (Cause No. 2:03CV216-P-A) with this Court. On July 30, 2003, the respondents moved to dismiss the petition on the grounds that it was time-barred, that it failed to comply with Rule 2(d) of the Rules Governing 2254 Cases, and that the petitioner had not exhausted his state court post-conviction remedies. The petitioner's failure to exhaust was twofold. First, the appeal of the denial of Jones' 2001 post-conviction motions was still pending. Second, the 1991 motions had never been ruled on by the circuit court and, technically, had been pending for more than twelve years. On December 16, 2003, the Magistrate Judge assigned to the case entered a Report and Recommendation finding that Jones was not time-barred, but he had failed to exhaust state court remedies. As such, the Magistrate Judge recommended the dismissal of the petition without prejudice and instructed petitioner to file, no later than January 12, 2003, a petition for writ of mandamus with the Mississippi Supreme Court seeking an order directing the Tunica County Circuit Court to rule on the 1991 motions. The District Court approved and adopted the Report and Recommendation March 5, 2004.

On July 1, 2004, Jones filed a second federal petition for writ of *habeas corpus* (Case No. 2:04CV00181-P-A). On July 23, 2004, the court issued a memorandum opinion finding that Jones, in an attempt to comply with the Magistrate Judge's instructions to file a petition for writ of mandamus seeking a ruling on the 1991 motions, filed a petition for writ of mandamus as instructed – but requested instead a ruling on a 2001 post-conviction motion – rather than the 1991 motions. As such, the court dismissed Jones' petition without prejudice and instructed him to file another petition for writ of mandamus seeking a ruling on the 1991 motions. The court

issued a final judgment – including the following mandate:

> Should the Tunica County Circuit Court rule against the petitioner on the two pending 1991 motions, the petitioner must then **immediately** appeal that decision to the Mississippi Supreme Court (as the clock will begin ticking on the 239 days remaining on the one-year federal statute of limitations) and wait for a ruling to complete the process of exhaustion of state court remedies.

On August 11, 2004, Jones finally filed a proper a petition for writ of mandamus with the Mississippi Supreme Court requesting an order directing the Tunica County Circuit Court to rule on the 1991 motions. Subsequently, the Mississippi Supreme Court dismissed the petition for writ of mandamus as moot because the circuit court had, on September 1, 2004, entered an order addressing the merits of the issues raised in Jones' 1991 motions and denied the motions. Jones **did not** appeal the denial of his 1991 motions as instructed by the District Court.

On September 16, 2004, the petitioner filed the instant Petition for Writ of Habeas Corpus (Cause No. 2:04CV00286-P-A), in which he raised the following grounds (summarized below for clarity):

**Ground One** - Illegal sentence enhancement in that the trial court failed to show that the two charges used as the basis for the enhancement arose out of two separate incidents.

**Ground Two** - Violation of MISS. CODE ANN. § 47-7-33 and Fourteenth Amendment of the United States Constitution.

**Ground Three** - Jones' sentence is invalid because his prior conviction of auto burglary, one of the convictions used to justify enhancement, was illegal.

**Ground Four** - Sentence enhancement was illegally imposed under MISS. CODE ANN. § 99-19-81 because trial court failed to show that petitioner had a prior conviction for a violent crime.

**Ground Five** - Ineffective Assistance of Counsel in that defense counsel advised Jones to plead guilty to capital murder when counsel knew that the state could not prove that the murder occurred during the commission of another felony.

## Procedural Default - Grounds Two, Three, and Five

The petitioner's claims in Grounds Two, Three, and Five of this federal *habeas corpus* petition have not been presented to the state's highest court in a procedurally proper manner and are now procedurally barred due to petitioner's actions.[3] *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.); *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)(an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal *habeas corpus* review). The petitioner did not appeal the denial of his 1991 motions by the state circuit court, and the time for such an appeal has expired. As such, Jones has failed to proceed in a procedurally proper manner, and the claims raised in Grounds Two, Three, and Five are now procedurally barred. The petitioner has shown neither cause (such as an external impediment) for this default, nor prejudice that would result in the court's dismissal of these claims on procedural grounds. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Neither has the petitioner argued that dismissal of these claims on procedural grounds would lead to a fundamental miscarriage of justice – an exception confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction."

---

[3]Although the petitioner's claims in Grounds One and Four were not presented to the state appellate court in an appeal of the denial of Jones' 1991 motions, he did raise the claims in his 2001 post-conviction motion and, on appeal of that denial by the circuit court, the Mississippi Court of Appeals addressed the merits of Grounds One and Four of the instant petition.

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). The petitioner failed to pursue these claims to conclusion in state court; it is too late for him to do so now, and he has offered no reason for this failure. As such, his claims in Grounds Two, Three, and Five shall be dismissed.

**Grounds One and Four - Issues of State Law Only**

Grounds One and Four are issues of state law and were resolved as such by the Mississippi Court of Appeals on appeal from the trial court's denial of post-conviction relief. In Ground One, Jones argues that his sentence as a habitual offender under MISS. CODE ANN. § 99-19-81 is illegal because the previous crimes used to enhance his sentence happened at a single place and time – thus constituting a single offense for the purposes of the habitual offender statute. The petitioner argues that this interpretation of the law is in direct violation of the code section. In Ground Four, Jones argues that his sentence, as enhanced under the habitual offender statute, is illegal because neither of his previous convictions was for a violent crime. Jones argues that enhancement of his sentence under Mississippi's habitual offender statute (Section 99-19-81) cannot be sustained without a prior conviction for a violent felony.

The Mississippi Court of Appeals discussed these issues:

Jones was indicted and sentenced as an habitual offender under Mississippi Code Annotated § 99-19-81 (Rev. 2000), which provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and rising out of separate incidents at different times and who has been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony and such sentence shall not be reduced or suspended no[r] shall such person be eligible for parole or probation.

> In his argument, Jones apparently confused this statute with Mississippi Code Annotated § 99-18-83 (Rev. 2000) which requires that one of the two previous crimes be a crime of violence. Jones is correct that neither of his two previous convictions, one for grand larceny and one for auto burglary, are crimes of violence, but he did receive five year sentences with three years suspended on each. Although both incidents apparently occurred on the same day, the indictments included in the record shows that they meet the requirement of "rising out of separate incidents at different times." Based on the record before us, Jones was properly sentenced for his crime.

*Jones*, 878 So. 2d at 256.

As the claims in Grounds One and Four are challenges to a Mississippi appellate court's interpretation and application of Mississippi law, this court cannot review the state court's decision. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). Indeed, federal courts hold no supervisory power over state judicial proceedings, and federal *habeas corpus* relief is appropriate only when a conviction has been obtained in violation of some *constitutionally protected right*. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). The rights at issue here arise out of state law only; as such, the petitioner's claims regarding those rights shall be denied. In sum, all of the petitioner's claims are either procedurally barred or arise out of state law; as such, the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 14th day of December, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE